[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10187
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00291-WSD-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO ORDAZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 30, 2015)

Before WILSON, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Alfonso Ordaz appeals his 135-month sentence, including a 15-month

upward variance, after pleading guilty to one count of conspiracy to possess with

intent to distribute at least 500 grams of methamphetamine and 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii), (viii).  We affirm.

## I.  BACKGROUND

Ordaz is a citizen of Mexico and lawful permanent resident of the United States.  With his oldest son, Victor, Ordaz participated in a Mexico-based drug-trafficking and money-laundering organization from approximately May 2012 until July 2013, which involved distributing cocaine and methamphetamine.  Ordaz conducted his drug-trafficking activities from his family residence, where his wife and four children, one of whom is a minor, lived.  While on a visit to Mexico in February 2013, Ordaz was kidnapped, apparently by members of a drug cartel.  He was held for approximately one week, until his family paid a $30,000 ransom. After Ordaz returned to the United States, he received death threats from the drug cartel against his sister, wife, and children.

After Victor was arrested in connection with their drug trafficking activities, Ordaz voluntarily surrendered to the Drug Enforcement Administration ("DEA") and was indicted on one count of conspiracy to possess with intent to distribute methamphetamine and cocaine, to which he pled guilty.  In his interview with the Probation Office in preparation for sentencing, Ordaz said he was forced to begin selling drugs after his February 2013 kidnapping to repay his debt from the ransom

2

payment.  The probation officer noted, however, DEA investigative reports showed Ordaz was selling drugs prior to his kidnapping.

In Ordaz's Presentence Investigation Report, the probation officer calculated an advisory Sentencing Guidelines range of 151 to 188 months of imprisonment. Ordaz objected to the probation officer's calculations; the district judge sustained those objections at sentencing, resulting in an advisory Guidelines range of 78 to 97 months of imprisonment.  Because that range was below the statutory minimum sentence of 120 months for Ordaz's crime, the statutory minimum became Ordaz's Guidelines range.

At sentencing, Ordaz requested a mandatory-minimum sentence and asked the judge to consider his family's representations he was a good husband and father, his difficult childhood, limited education, and his probable deportation after serving his sentence.  The government argued for a sentence of 151 months, an upward variance, because Ordaz had involved his son in his illegal activities and had not truly accepted responsibility.  Ordaz blamed his conduct on threats he claimed were being made against him and his family, when the evidence showed he had engaged in drug trafficking long before his kidnapping or the alleged threats.

The district judge sentenced Ordaz to 135 months of imprisonment.  He acknowledged this was an upward variance from the Guidelines range, but

3

concluded the Guidelines range was too low in Ordaz's case and did not reflect the

seriousness of his conduct.  The judge explained:

> It's methamphetamine and cocaine.  Cocaine is bad enough, but methamphetamine is just this terrible drug that just wreaks havoc on people's bodies and mouths and their lives.
> And the incidence of death from methamphetamine, I think is still higher than—except for heroin, methamphetamine is the second highest, because it's just a disastrous drug, because it's just chemicals that people put together and then give to people to ingest, and they either smoke it or they shoot it or they take it orally, and it just—those chemicals are not supposed to be in the human body however they are consumed.
> And for a period of time, you had fairly large amounts of that that you were helping make available.  I suspect the problems you had in Mexico related to what you were doing in the United States. . . .
> But you have put you and your family at risk . . . because you decided to engage in a business that is deadly from both ends, from people that you were getting drugs from and to ultimately the people to whom the drugs were being distributed.

R at 977-78.

Although the judge did not apply a leadership role enhancement in

calculating Ordaz's Guidelines range, he believed Ordaz did have some influence

over his son's actions and was largely responsible for his and his son's criminal

conduct.  In addition, the judge noted Ordaz's sentence needed to deter him from

engaging in the same conduct in the future.  The judge stated he had considered all

of the 18 U.S.C. § 3553(a) factors in determining Ordaz's sentence.  He concluded

135 months was the sentence he would impose for Ordaz "under any

4

circumstances," even if the sentence was appealed successfully.  R at 979, 982.

Ordaz did not object to his sentence.

On appeal, Ordaz contends the district judge erred in varying upward from

the Guidelines range, because he relied in part on factual findings about the nature

and effects of methamphetamine unsupported by the record.  By failing to support

his statements concerning the dangerous nature of methamphetamine with

empirical evidence, Ordaz argues the judge relied on clearly erroneous facts in

determining his sentence, making it procedurally unreasonable.

## II.  DISCUSSION

We ordinarily review the reasonableness of a sentence under a deferential

abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct.

586, 591 (2007).  First, we ensure the district judge committed no significant

procedural error, such as selecting a sentence based on clearly erroneous facts.  *Id.*

at 51, 128 S. Ct. at 597.  A factual finding is clearly erroneous when, after review

of the all of the evidence, we are "left with the definite and firm conviction that a

mistake has been committed."  *United States v. Barrington*, 648 F.3d 1178, 1195

(11th Cir. 2011).  If a sentence is free of procedural errors, we then determine

whether the sentence imposed was substantively reasonable, taking into account

the totality of the circumstances and considering the 18 U.S.C. § 3553(a) factors.

*Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  We may not presume a sentence outside of

the Guidelines range is unreasonable and must give due deference to the judge's

determination the § 3553(a) factors justify the variance. *Id.* The party who

challenges the sentence bears the burden of showing that it is unreasonable, based

on the record and § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378

(11th Cir. 2010).

Because Ordaz failed to object to the procedural reasonableness of his

sentence before the district judge, we review for plain error only. *United States v.*

*Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under that standard, Ordaz

must demonstrate (1) there was an error, (2) the error is plain, (3) the error affects

substantial rights; if these three factors are met, (4) the error additionally must

seriously affect the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). An error

is plain if it is clear from either the plain meaning of a statute or constitutional

provision, or from a holding of the Supreme Court or this court. *United States v.*

*Pantle*, 637 F.3d 1172, 1174-75 (11th Cir. 2011). An error affects substantial

rights, when it is prejudicial to the defendant, meaning the defendant must show

the error affected the outcome of the trial-court proceedings. *Olano*, 507 U.S. at

734, 113 S. Ct. at 1778. Regarding sentencing, the defendant must show there is a

reasonable probability the judge would have imposed a shorter sentence absent the

alleged error. *Pantle*, 637 F.3d at 1177. An error seriously affects the fairness,

6

integrity, and public reputation of the judicial proceedings if failure to correct the error would result in a miscarriage of justice. *Olano*, 507 U.S. at 736, 113 S. Ct. at 1779.

Ordaz has not demonstrated the district judge plainly erred by imposing an upward variance based on clearly erroneous facts. Even assuming the district judge's findings regarding the harmful nature of methamphetamine were clearly erroneous because the record lacks evidentiary support for those findings, the judge did not err in varying upward, because he did not base his decision solely on those findings. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Although his decision to vary upward was based in part on his belief that methamphetamine is a particularly disastrous drug, the district judge also gave several other reasons for imposing Ordaz's sentence, to which Ordaz does not object on appeal. Specifically, the judge noted Ordaz distributed both cocaine and methamphetamine in substantial amounts over a long period of time, and he continued to do so even after his kidnapping in Mexico. Moreover, Ordaz's conduct placed his family at risk. Although the district judge did not apply a leadership-role enhancement, he nevertheless found for variance purposes Ordaz was largely responsible for his son's involvement in drug trafficking activities and had some influence over his son's actions. The judge emphasized Ordaz's sentence needed to reflect the seriousness of his conduct and provide a strong deterrent for him. Consequently,

the judge did not determine Ordaz's sentence based solely on clearly erroneous facts; therefore, he did not commit procedural error in imposing an upward variance. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Even if the district judge did err, Ordaz has not demonstrated that any error affected his substantial rights or resulted in manifest injustice. *Olano*, 507 U.S. at 732, 736, 113 S. Ct. at 1776, 1779. Ordaz does not argue on appeal the judge would have imposed a shorter sentence absent his consideration of the particularly harmful nature of methamphetamine. *Pantle*, 637 F.3d at 1177. Moreover, the judge stated, having considered the § 3553(a) factors, "under any circumstances [135 months] is the sentence that I would impose even if I had to impose it again," showing he believed 135 months was the appropriate sentence for Ordaz, based on the totality of circumstances. R at 982. The judge's conclusion the § 3553(a) factors justified an upward variance is entitled to deference. Ordaz has presented nothing to suggest the judge would have sentenced him differently had he not considered the harmful nature of methamphetamine in making his decision. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. In addition, the upward variance was supported by other factors discussed by the judge. Accordingly, the district judge did not plainly err. *Olano*, 507 U.S. at 732, 736, 113 S. Ct. at 1776, 1779; *Pantle*, 637 F.3d at 1177.

**AFFIRMED.**